IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES CUDD, SR., <br><br> Plaintiff, <br><br> vs. <br><br> TRISTAN KOHUT and PAUL REES, <br><br> Defendants. | Cause No. CV 19-15-H-BMM-JTJ <br><br><br> ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Cudd, a state prisoner proceeding *pro se*, filed this action on February 4, 2019. He alleges violation of his Eighth Amendment right to adequate medical care.

On July 29, 2019, Dr. Rees moved for dismissal on grounds of *res judicata*. He also asked the Court to limit the relief sought against him to declaratory and injunctive relief. Dr. Kohut seeks dismissal in his official capacity.

Cudd responded to the motion to dismiss on October 10, 2019. At the same time, he moved to amend his complaint.

## I. Defendants' Reply

Defendants state that their "pending Motion to Dismiss hinges upon whether Plaintiff's Motion to Amend is granted," Def. Resp. to Pl. Mot. (Doc. 17) at 1, but they do not explain why. They ask the Court to decide the motion to amend,

1

including screening the proposed amended complaint, and then give them an opportunity to reply in support of their motion to dismiss if they do not choose to withdraw their motion.

This request puts the Court in the position of granting Defendants the time they seek whether it finds their request reasonable or not. If filing a reply appeared likely to be an onerous task—as may frequently be the case in matters involving *pro se* litigants—this might be excusable. But Cudd filed a three-page complaint naming two defendants. Even the proposed amended complaint is only six pages, and it involves the same two defendants. The legal issues raised are not novel or complex. By asking the Court to address Cudd's motion to amend before they must reply, Defendants waived their right to reply.

## II. Cudd's Motion for Leave to Amend

Defendants have not yet filed an answer, no initial disclosures have been filed, and no deadline has been set for amendments to the pleadings. Under these circumstances, Federal Rule of Civil Procedure 15 applies. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants do not explain why justice does not so require.

Cudd says he "is adding a new complaint: that Defendants violated Plaintiff's right not to be subjected to cruel and unusual punishment." Prop. Am. Compl. (Doc. 15) at 1 ¶ 1. As the proposed amended complaint contains no

allegations as to jurisdiction, venue, and cause of action, the Court will assume Cudd stands on pages 1 and 2, ¶¶ 1–2, of the original complaint.

The facts Cudd alleges support an inference that he has more than one serious medical need. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)). Cudd also alleges he did not timely receive adequate medical treatment and still has not received adequate medical treatment. *See id*. at 1122–23. The relatively long period of time Cudd alleges each Defendant persisted in the chosen course of treatment and in failing to obtain surgery, along with his allegations of continual pain, sores, bleeding, and deteriorating vision in both eyes, support a reasonable inference that Defendants exhibit deliberate indifference to his needs. *See, e.g.*, Prop. Am. Compl. (Doc. 15) at 1 ¶ 3, 2 ¶¶ 5–9, 2 ¶¶ 11–15, 3 ¶¶ 17–27.

Cudd's allegations are "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm*, 680 F.3d at 1123. Leave to amend will be granted.

### III. Defendants' Motion to Dismiss

#### A. *Res Judicata*

Defendants argue that Cudd's claims against Dr. Rees are barred by *res judicata*. *See* Br. in Supp. of Mot. to Dismiss (Doc. 10) at 7–10. A year and a half before filing his complaint in this Court, Cudd filed a lawsuit against Dr. Kohut

and Dr. Rees in state court. The question is whether the outcome of the state-court action as to Dr. Rees precludes Cudd from proceeding against Dr. Rees in this Court.

Montana law determines whether *res judicata* applies. *See* 28 U.S.C. § 1738 ("Acts, records and judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State"); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84–85 (1984); *Allen v. McCurry*, 449 U.S. 90, 97–99 (1980). In Montana, generally, claims that were or could have been litigated in a prior action cannot be litigated in a subsequent action. For *res judicata* to apply, among other elements, there must be a "valid final judgment." *See Brilz v. Metropolitan Gen'l Ins. Co.*, 2012 MT 184 ¶ 22.

Cudd's claim against Dr. Rees in state court was dismissed with prejudice on April 30, 2018. Defendants acknowledge that Cudd's "state court claims against [Dr. Kohut] are still pending." Br. in Supp. of Mot. to Dismiss (Doc. 10) at 7.

A judgment is an order from which an appeal lies. *See* Mont. R. Civ. P. 54(a). An appeal generally does not lie from an order dismissing one party from an action involving more than one party:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

4

> Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Mont. R. Civ. P. 54(b)(1).

The docket of the action in state court, *see* Case Register Report at 1–2 (Doc. 10-1 at 1–2) (*Cudd v. MSP Medical Staff*, No. DV 39-2017-67-NE (Mont. Third Jud. Dist. Court July 2, 2019)), does not show that judgment has been entered. No judgment is included among the Defendants' other exhibits. *See* Defs. Ex. A (Doc. 10-1) at 3–86. The Court takes judicial notice that the records of the Third Judicial District Court indicate no judgment has been entered to date. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); Fed. R. Evid. 201(b).

Cudd's time to appeal Dr. Rees's dismissal from the state action will not begin to run until the state court enters judgment. The state court action is not final. Cudd has had neither the opportunity to appeal nor, at least as of July 2019, to proceed against the party Dr. Rees argued was the appropriate one—the State of Montana. *See* Case Register Report (Doc. 10-1) at 1 Entry 18 (showing motion by Cudd to add the State). At this time, Cudd's action in state court "cannot . . . bar any claims presented in this case." *Baltrusch v. Baltrusch*, 2006 MT 51 ¶ 18.

5

## B. Defendants' Capacities

Defendants also seek dismissal of claims against them in certain capacities. *See* Br. in Supp. of Mot. to Dismiss (Doc. 10) at 10–11.

Cudd's original complaint alleges that Dr. Rees was hired to replace Dr. Kohut. *See* Compl. (Doc. 2) at 2 ¶ 5. As Defendants explain, Cudd may not proceed against Dr. Kohut in an official capacity, because Dr. Kohut ended his employment with the State and no longer has an official capacity. *See id.* at 11; *see also Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012).

Cudd's amended complaint requests a declaratory judgment that he is suing both defendants in their individual capacities. *See* Prop. Am. Compl. (Doc. 15) at 5 ¶ 9(A)(1). A plaintiff has the option of deciding whom to sue and in what capacity. A declaratory judgment is not necessary. As stated above, Cudd's allegations are sufficient to allow him to proceed against Dr. Rees and Dr. Kohut, each in his individual capacity.

Cudd's request to sue both defendants individually is not inconsistent with also suing Dr. Rees in his official capacity. Cudd requests "injunctive relief for refusal of eye surgery," *id.* at 6 ¶ C(4), indicating a request for an order to Dr. Rees to arrange the surgery. With the liberal construction the Court is required to employ, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the proposed amended complaint sues Dr. Rees in his official capacity as well as his individual

6

capacity.

As Defendants point out, Cudd may not obtain compensatory damages from Dr. Rees in his official capacity. Suing a person in his official capacity is a means of suing the State, *see Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), and the State is not a "person" within the meaning of 42 U.S.C. § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 & n.10 (1989). But damages are available from a defendant who happens to be a state official but is sued in his individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

In sum, the official-capacity claim against Dr. Kohut should be dismissed because Dr. Kohut no longer has an official capacity. Cudd may proceed against Dr. Kohut in his individual capacity and against Dr. Rees in both his individual and official capacities.

Based on the foregoing, the Court enters the following:

### ORDER

1. Plaintiff's motion to amend (Doc. 15) is GRANTED.

2. On or before **January 28, 2020,** Defendants must file an answer to Cudd's complaint (Doc. 2 at 1-2 ¶¶ 1–2) and amended complaint (Doc. 15).

3. The clerk shall correct the docket to reflect that the correct first name of Dr. Kohut is Tristan.

4. The clerk shall correct the docket to reflect that Cudd's amended

complaint demands a jury trial.

The Court also enters the following:

## RECOMMENDATION

1. Defendants' motion to dismiss (Doc. 9) should be GRANTED IN PART. Any claim against Dr. Kohut in his official capacity should be DISMISSED.

2. Defendants' motion to dismiss should be DENIED in all other respects.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Cudd must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 21st day of January, 2020.

 /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.